UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DONAHUE** | **CIVIL ACTION NO.:** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **CANAL INSURANCE COMPANY, TEXAS FREIGHT SERVICES, INC., D/B/A TFS OF GEORGIA, INC., AND RANDOLPH HARVEY** | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendants, Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS of Georgia (incorrectly identified as Texas Freight Services, Inc. d/b/a TFS of Georgia, Inc.), and Randolph Harvey, (hereinafter collectively referred to as "Defendants") which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

I.

On or about August 4, 2020, Plaintiff, Joseph Donahue (hereinafter referred to as "Plaintiff"), filed a personal injury lawsuit against Defendants, Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS of Georgia, Inc., and Randolph Harvey, in the 19th Judicial District Court for the Parish of Iberville, State of Louisiana, Docket Number 698563; Section 25, entitled, "*Joseph Donahue v. Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS*

1

*of Georgia, Inc., and Randolph Harvey*."[1] The lawsuit arises from a motor vehicle collision which occurred on or about August 15, 2019, in St. Bernard Parish, Louisiana.[2]

II.

Service of citation and a copy of the Original Petition for Damages was requested on Defendant, Canal Insurance Company, via the Louisiana Secretary of State, and Canal Insurance Company, was served on or about August 14, 2020.

III.

Service of citation and a copy of the Original Petition for Damages was requested on Defendant, Texas Freight Services, Inc. d/b/a TFS of Georgia, Inc., via the Louisiana Long Arm Statute, which was served on or about August 27, 2020.

IV.

Service of citation and a copy of the Original Petition for Damages was requested on Defendant, Randolph Harvey, via the Louisiana Long Arm Statute, who was served on or about August 27, 2020.

I.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

V.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states…."

---

[1] A copy of the Petition for Damages is attached hereto as Exhibit "A"
[2] Exhibit A, at ¶ 3.

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

VI.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[3]

VII.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiff's Petition for Damages did not set forth the specific amount of damages sought. However, Plaintiff's Petition for Damages does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La. C.C.P. art. 893(A)(1).

VIII.

Plaintiff claims that he suffered "severe and disabling injuries, including, but not limited to:

1) Severe Headaches;
2) Neck pain;
3) Shoulder pain;
4) Arm pain;
5) Hand pain;
6) Back pain;
7) Leg pain; and
8) Other injuries which will be more fully established at trial.[4]

---

[3] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[4] *See* Exhibit "A", ¶ 7.

IX.

Plaintiff claims that he is entitled to the following damages:

1) Physical pain and suffering (past, present and future);
2) Mental pain, anguish, and distress (past, present and future);;
3) Loss of enjoyment of life (past, present and future);
4) Disability (past, present and future);
5) Lost wages (past, present and future);
6) Loss of Earning Capacity (past, present and future);
7) Medical expenses (past, present and future);
8) Scarring;
9) Property damages; and
10) Other elements of damages to be more fully set forth at the trial of this matter.[5]

X.

Plaintiff submitted a *Declaration of Joseph Donahue* on September 1, 2020.  Plaintiff alleged "the total amount in controversy regarding my claim in the above referenced matter exceeds $75,000.00, exclusive of interest and costs."[6]

B.   **COMPLETE DIVERSITY EXISTS**

XI.

Defendant, Randolph Harvey, is a person of the full age of majority and is domiciled in Thomaston, Georgia and is a citizen of the State of Georgia.[7]

XII.

Defendant, Canal Insurance Company, is a foreign insurance company,[8] which is incorporated in South Carolina and has its officers that direct, control, and coordinate the corporation's activities in South Carolina.  Therefore, Canal Insurance Company is domiciled and a citizen of South Carolina.

---

[5] *See* Exhibit "A", ¶ 8.
[6] See Declaration of Joseph Donahue, attached hereto as Exhibit "B".
[7] *See* Exhibit "A", ¶ 1.
[8] *Id*.

XIII.

Defendant, Texas Freight Services, Inc. d/b/a TFS of Georgia, is a foreign corporation,[9] which is incorporated in Texas and has its officers that direct, control, and coordinate the corporation's activities in Texas. Therefore, Texas Freight Services, Inc. d/b/a TFS of Georgia, is domiciled and a citizen of Texas.

XIV.

Based on the information in the introductory Paragraph of the Petition for Damages, Plaintiff, Joseph Donahue, is a person of the full age of majority and is domiciled in the Parish of East Baton Rouge, Louisiana, and resides in and is a citizen of the State of Louisiana.[10]

XV.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

**II.   DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XVI.

Citation and a copy of the Original Petition for Damages has been served on Mr. Randolph via the Louisiana Long Arm Statute on August 27, 2020.

XVII.

Citation and a copy of the Original Petition for Damages has been served on Canal Insurance Company via the Louisiana Secretary of State on August 14, 2020.

---

[9] *Id*.
[10] *See* Exhibit "A".

XVIII.

Citation and a copy of the Original Petition for Damages has been served on Texas Freight Services, Inc. d/b/a TFS of Georgia, via the Louisiana Long Arm Statute on August 27, 2020.

XIX.

There is no other party needed to consent to the removal of this case.

XX.

The Notice of Removal was properly filed within thirty (30) days of service of Plaintiff's Petition for Damages on Texas Freight Services, Inc. d/b/a TFS of Georgia, on August 27, 2020, and within thirty (30) days of "other paper" demonstrating the amount in controversy.[11]

XXI.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein Plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

XXII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the plaintiff and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

XXIII.

No previous application has been made for the relief requested herein.

---

[11] *See* Exhibit "B", Declaration of Joseph Donahue, which was received on September 1, 2020.

XXIV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXV.

Defendants are entitled to and hereby request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS of Georgia, and Randolph Harvey, pray that the action entitled: *"Joseph Donahue v. Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS of Georgia, Inc., and Randolph Harvey,"* bearing number 698563, Section: 25, pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from the state court docket to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

/s/ *Dustin L. Poché*
**GUY D. PERRIER, #20323**
**DUSTIN L. POCHÉ, # 33451 (Lead Attorney)**
PERRIER & LACOSTE, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Direct Dial: (504) 212-8822
Direct Dial: (504) 562-1705
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
**Counsel for Defendants,**
*Canal Insurance Company, Texas Freight Services, Inc. d/b/a TFS of Georgia, and Randolph Harvey*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system or by email transmission, this **8th** day of **September, 2020**, at their last known address of record.

/s/ *Dustin L. Poché*
**DUSTIN L. POCHÉ**